■ MARTIN G. FOX et al., Respondents, v. THOMAS L. RAFTERY et al., Appellants.—In this negligence action to recover damages for personal injuries sustained by both plaintiffs and for plaintiff Martin G. Fox's loss of services of his wife coplaintiff, defendants appeal from so much of a judgment of the Supreme Court, Queens County, entered November 29, 1972, as is against them upon a jury verdict of $8,000 for plaintiff Yetta Fox for her personal injuries and $1,000 for plaintiff Martin G. Fox for loss of his wife's services, rendered after trial on the issues of damages only. Judgment reversed insofar as appealed from, on the law, and new trial granted with respect to the issues of damages only on the causes for the personal injuries of plaintiff Yetta Fox and for plaintiff Martin G. Fox's loss of his wife's services, with costs to abide the event, unless, within 30 days after entry of the order to be made hereon, plaintiffs shall serve and file in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict on said two causes of action to $4,000 and $500, respectively, and to the entry of an amended judgment accordingly, in which event the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs. No questions of fact were presented on this appeal. The record indicates that the plaintiff wife was treated by four different physicians. None of the physicians testified, although some explanation was proffered for the absence of one of them. The wife, *inter alia*, testified that she was required to wear a steel brace. Although this testimony was offered subject to medical connection, no such connecting proof was proffered. The only medical testimony was given by a nontreating doctor who admitted he had examined the wife at the behest of counsel. His testimony further reveals that his findings were based not only on observation but on the wife's past history and other medical reports. None of those bases were part of the

record. The nontreating doctor's testimony based upon such facts was inadmissible (*Lessin* v. *Direct Delivery Serv.*, 10 A D 2d 624; Richardson, Evidence [10th ed.], § 269). Accordingly, a new trial is mandated unless plaintiffs stipulate to reduce the verdict. Based upon the credible evidence, the verdict was excessive to the extent indicated herein. Hopkins, Acting P. J., Latham, Shapiro, Brennan and Munder, JJ., concur.